UNITED STATES BANKRUPTCY COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

IN RE:     CLARENCE BROUSSARD, III                    CASE NO.:   09-50009
           SHARON BROUSSARD                           CHAPTER     13
*****************************************************************************

## MEMORANDUM IN SUPPORT OF OBJECTION

NOW INTO COURT through undersigned counsel, comes debtor(s) who submit the following Memorandum in Support of their Objection to the United States Government's Motion to Dismiss:

The Motion to Dismiss is based on debtor's failure to conform with the requirements of 11 USC 1308(a), which states:

> Not later than the day before the date on which the meeting of creditors is first scheduled to be held under section 341(a), if the debtor was *required* to file a tax return under applicable nonbankruptcy law, the debtor shall file with the appropriate tax authorities all tax returns for all taxable periods ending during the 4-year period ending on the date of the filing of the petition.

The United States Government cites no authority that the debtors were required to file a tax return as of February 18, 2009. They only state that 1308(a) dictates with more specificity than the Internal Revenue Code that the debtors are required to file their tax returns prior to their Section 341 meeting of creditors. Debtors urge the court that this is incorrect as presented by the United State of America. Only if the debtor is required to file a return under applicable nonbankruptcy law does this apply. A such, it appears necessary to review

nonbankruptcy law to determine if debtor was required to file a return on February 18, 2009.

To that end debtors urge the Court to look to the Internal Revenue Code. Section 6072(a) of the Internal Revenue Code states:

> In the case of returns under section 6012, 6013, 6017, or 6031 (relating to income tax under subtitle A), returns made on the basis of the calendar year ***shall be filed on or before the 15th day of April following the close of the calendar year*** and returns made on the basis of a fiscal year shall be filed on or before the 15th day of the fourth month following the close of the fiscal year, except as otherwise provided in the following subsections of this section. (emphasis added)

Although returns can be filed on or before April 15th, they are not "required" to be filed before then. Merriam Webster defines require as to impose a compulsion or command upon. Debtors are unaware of any applicable nonbankruptcy law, including the Internal Revenue Code which imposes a compulsion or commands upon them to file a tax return prior to April 15th. Accordingly, debtors argue that it is clear construction of 1308(a) that on February 18, 2009, they were not required under applicable nonbankruptcy law to file their 2008 tax return, and thus not required to file it prior to February 18, 2009 (the date of their 341 meeting of creditors) under 1308(a) of the Bankruptcy Code.

Debtors further urge the court to look at the potential policy implications of the United states of America's Motion and argument regarding this matter. Should debtors be required to file all tax returns for the four prior calendar years prior

to their 341meeting of creditors, then should the standing trustee fail or refuse to hold open any 341 meeting of creditors, then said cases would be required to be dismissed. This can lead to illogical results with debtors being forced to take actions not necessarily in the best interest of the bankruptcy system or the United States of America itself.

For example, any debtor whose bankruptcy was filed and a 341 meeting of creditors was scheduled prior to April 15th would be required to file their taxes for the prior years prior to filing said bankruptcy. If a debtor were to file a bankruptcy on January 1st and were scheduled a 341 meeting of creditors on February 1st, then debtors would be required to file their tax returns on or before January 31st or rely on the mercy of their trustee. As debtors believe most people, themselves included do not receive all of their necessary tax documents (W-2s, 1099s, mortgage/student/etc. loan interest statements) until the middle or end of February, the United States Government is putting said debtors in the position of having to file a knowingly incorrect and possibly fraudulent tax return for the prior calendar year.

As the Court can well imagine, this will only cause further confusion in what is often a confusing enough practice and area of the law. Multiple tax returns will have to be filed, this will only further add to the costs of filing bankruptcy, cause more work and possible area for confusement for the trustee in determining if they have been paid the correct amount for the tax pledge, and will most likely

require more amendments to debtors cases to correct potentially incorrect returns and not allow sufficient time for the United States Government to properly evaluate debtors' taxes and timely file proof of claims. For example, since our hypothetical debtor has filed their tax return prior to their February 341 meeting of creditors (without adequate information for said filing) they have met their requirements and have filed their tax return, but may have erroneously filed a return indicating that they are owed a refund and may receive a refund and forward it to the trustee prior to be reliable tax return being filed. One can see the mess that imposing such a requirement, as required by the United State Government's interpretation of 1308(a), upon debtors can cause.

As such, debtors once again urge this Court to take 1308(a) for its face value and interpret same pursuant to the rules of interpretation. The United States Supreme Court stated in United States v. Ron Pair Enterpirses, Inc., 489 U.S. 235, 241, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989) that "where, as here, the statute's language is plain, the sole function of the courts is to enforce it according to its terms." See also, Caminetti v. United States, 242 U.S. 470, 485, 37 S.Ct. 192, 194, 61 L.Ed. 442 (1917) wherein the United States Supreme Court stated that if the language of the statute is plain, then "the sole function of the courts is to enforce it according to its terms."

When interpreting a statute, the Court must presume that "Congress acts intentionally and purposefully when it includes particular language in one section

of a statute, but omits it in another." BFP v Resolution Trust Corp., 511 U.S. 531, 537, 114 S.Ct. 1757, 128 L.Ed.2d 556 (1994). Given the now infamous length at with which Congress deliberated and discussed BAPCPA, debtors are doubt that Congress would have intended such illogical results. Further debtors believe that the plain language of the statute further supports their position that they are not required to file a tax return under applicable nonbankruptcy law (Internal Revenue Code) until April 15th and as such are not required to file the prior four years tax returns prior to their 341 meeting of creditors until April 15th when they are required to file said tax return.

WHEREFORE, debtor(s) pray that there be a Hearing and that the United State Government's Motion to Dismiss be denied.

Lafayette, Louisiana on the  27th  day of  April , 2009.

    Menard Law Firm, L.L.C.

     /s/   Chane P. Menard
    Chane P. Menard
    706 W. University Ave.
    P.O. Box 3701
    Lafayette, LA 70502
    (337) 504-3303 - Voice
    (337) 266-2056 - Fax

UNITED STATES BANKRUPTCY COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

IN RE:     CLARENCE BROUSSARD, III            CASE NO.:    09-50009
          SHARON BROUSSARD                       CHAPTER     13
*****************************************************************************

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the Memorandum in Support of their Objection to the United States Government's Motion to Dismiss has been forwarded, by depositing same into the U.S. Mail, postage prepaid and properly addressed, or by other electronic transmission, to the following:

**Keith A. Rodriguez**
P. O. Box 3445
Lafayette, LA 70502

**Office of U. S. Trustee**
300 Fannin St., Suite 3196
Shreveport, LA 71101

**Mr. Thomas B. Thompson**
Asst. U.S. Attorney
800 Lafayette St.
Suite 2200
Lafayette, LA 70501

     Lafayette, Louisiana on the __27th__ day of __April__, 2009.

                                  ___/s/ Chane P. Menard___
                                      Chane P. Menard