UNITED STATES BANKRUPTCY COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| BROUSSARD, CLARENCE, III | ) | CASE NO. 09BK-50009 |
| BROUSSARD, SHARON LINCOLN | ) | |
| | ) | CHAPTER 13 |
| DEBTORS | ) | |

REPLY TO DEBTORS' POST-HEARING MEMORANDUM
IN SUPPORT OF OBJECTION TO DISMISSAL OR CONVERSION

Mr. and Mrs. Broussard filed a petition for relief under Chapter 13 of the Bankruptcy Code on January 6, 2009. On March 6, 2009, an original proof of claims was timely filed on behalf of the United States of America in which estimated liabilities were asserted for the tax year ending December 31, 2008. These estimated liabilities arose from the failure of Mr. and Mrs. Broussard to have filed a federal income tax return for the tax year ending December 31, 2008.[1] Mr. and Mrs. Broussard did not file their 2008 federal income tax return prior to the February 18, 2009, meeting of their creditors conducted pursuant to Section 341(a) of the Bankruptcy Code. According to the docket of this Court, the meeting was concluded without the Chapter 13 Trustee

---

[1] At some point prior to April 15, 2009, but after the meeting of creditors, Mr. and Mrs. Broussard electronically filed their federal income tax return for the tax year ending December 31, 2008. On April 30, 2009, an amended proof of claims was filed by the Internal Revenue Service which reflects an amendment of the original estimated amounts to "zero" based upon an April 27, 2009, assessment.

1

issuing a report of the meeting or holding the meeting open for the purpose of Mr. and Mrs. Broussard filing a federal tax return for the tax year ending December 31, 2008.

On March 25, 2009, a motion to dismiss or convert this case pursuant to Section 1307(e) and Section 1308(a) of the Bankruptcy Code was filed on behalf of the United States. This Court heard argument on April 29, 2009, and took the matter under advisement. On April 30, 2009, a memorandum in support of their objection to dismissal or conversion was filed on behalf of Mr. and Mrs. Broussard.

The argument put forth on behalf of Mr. and Mrs. Broussard can be summed up as follows: since, pursuant to 26 U. S. C. § 6072(a), Mr. and Mrs. Broussard were not required to file a tax return for the tax year ending December 31, 2008, until April 15, 2009, they were not required to file a return under applicable non-bankruptcy law and thus not bound by the requirements of Section 1308(a) of the Bankruptcy Code. Their reading of the interplay of Section 1308(a) and Section 6072(a) has been rejected by those courts which have considered the issue.

Clearly, there can be no serious dispute that the tax year ending December 31, 2008, is a taxable period ending within the four year period which ended on the date of the filing of the bankruptcy petition on January 6, 2009, by Mr. and Mrs. Broussard.

Were Mr. and Mrs. Broussard required to file a return for this tax year? According to the gross income derived by the two during the tax year ending December 31, 2008, based upon the Schedule I filed by Mr. and Mrs. Broussard, they were required to make a return for their income unless they fell within one of the four

2

expressed exceptions provided by 26 U. S. C. § 6012(a)(1)(A)(i) - (iv). 26 U. S. C. §§ 6012(a) and 6013 (joint returns of income by husband and wife). Clearly, they were required to file a return for the taxable year ending December 31, 2008. They do not contend otherwise.

Section 6072(a) of the Internal Revenue Code provides, in relevant part, that "[i]n the case of returns under section 6012, 6013 * * *, returns made on the basis of the calendar year shall be filed on or before the 15th day of April following the close of the calendar year * * *." Counsel for Mr. and Mrs. Broussard asserts that the proper reading of this provision is that the two were not required to file a return "until" April 15th. This interpretation is not supported by the language of Section 1308 and Section 6072 and has been rejected by two bankruptcy courts, previously cited to this Court in the motion to dismiss or convert, to have considered the matter.

Tania French filed a petition for relief under Chapter 13 on January 9, 2006. In re French, 354 B. R. 258 (Bkrptcy. E.D. Wis. 2006). In response to notification by the Chapter 13 trustee that the scheduled meeting of creditors would be re-scheduled to a later date to allow Ms. French time to file her tax return for the tax year ending December 31, 2005, as required by Section 1308(a), Ms. French, relying upon Section 6072(a) of the Internal Revenue Code, countered with a motion for an order of plan confirmation and asserted that she was not required to file a return until April 15th under applicable non-bankruptcy law. In denying Ms. French's motion for confirmation, the Bankruptcy Court addressed the legislative history underlying the enactment of Section

3

1308 and the language employed by Congress.

First, the Court specifically rejected the argument of Ms. French, also asserted before this Court, that she was not required by applicable non-bankruptcy law to file a return for the relevant tax year. As the Bankruptcy Court observed, the Congress did not employ language within Section 1308(a) upon which such a construction could be based. In re French, 354 B. R. at 262. As the Court stated, "had Congress wished for § 1308 to have the meaning the debtor gives it, it might have said 'if the debtor was required to file a tax return by that date by applicable nonbankruptcy law. That is the meaning the debtor asks the Court to read into § 1308, in spite of the fact that Congress did not draft the statute that way. (Emphasis in original)." Ibid.

Next, the Court rejected the interpretation of Section 6072(a) offered by Ms. French. Ibid. The Court noted that the starting point of the analysis should be focused, appropriately so, upon the gross income requirement of Section 6012 of the Internal Revenue Code and whether, under the terms of Section 6012, a taxpayer would be excepted from making a return. In the words of the Court, "section 1308 focuses on the question of whether applicable nonbankruptcy law requires the debtor to file a return at all, not on when the applicable nonbankruptcy law requirement must be met. * * *. Section 1308 does not speak of debtors who aren't required to file yet, only of debtors who are required to file at all.(Emphasis in original)." Ibid.

The Court next considered the interplay between Section 1308(a) and Section 1308(b) and concluded that "[f]or those debtors who file for Chapter 13 protection

4

between January 1, and April 15 of any given year, Congress intended to require them to have their return for the prior year filed by the date first scheduled for the meeting of creditors, <u>even if</u> the return is not yet delinquent under the tax code. (Emphasis in original)." <u>In re French</u>, 354 B. R. at 263-64. "In other words, Congress bumped up the deadline for filing tax returns for those debtors who file petitions between January 1 and April 15 of a given year." <u>Ibid</u> at 264.

     The interpretation offered by Mr. and Mrs. Broussard in the instant case overlooks a critical factor. As indicated by the clear language of Section 6072(a), Congress did not include "until" within the statute. Section 6072(a) clearly provides that in a case in which a return under Section 6012 and Section 6013 of the Internal Revenue Code is required and is made on a calendar year basis, as is the instant case, the return is required "on or before" April 15th of the following year. The requirement imposed by the Congress to file the return exists throughout the period of time from January 1st to April 15th and regardless of the date upon which a taxpayer may chose to file, whether on January 15th, February 15th, March 15th or April 15th. Mr. and Mrs. Broussard were continuously required by Section 6072(a) to file their return for the taxable year ending December 31, 2008, during the 105 day period from January 1, 2009, through to April 15, 2009, and not simply "until" April 15, 2009.

     On June 7, 2007, Joanne M. Cushing filed for relief under Chapter 13 of the Bankruptcy Code. <u>In re Cushing</u>, 379 B. R. 407 (Bkrptcy. D. Mass. 2007). The meeting of creditors was conducted on July 24, 2007, without the Chapter 13 trustee holding the

5

meeting open. In response to a motion to dismiss filed by the United States pursuant to Section 1307(e) of the Bankruptcy Code, Ms. Cushing asserted that she had obtained an extension of time to file her return for the taxable year ending December 31, 2006. The Bankruptcy Court for the District of Massachusetts, finding a "temporal component" within Section 1308(a)(1), disagreed with the decision arrived at by the Wisconsin Bankruptcy Court In re French, 354 B. R. 258 (Bkrptcy. E.D. Wis. 2006), and concluded that if a return is not yet due under the Internal Revenue Code, Section 1308 does not require the filing of the return until the deadline. In re Cushing, 379 B. R. at 412.

The United States timely filed a motion to alter or amend and the Bankruptcy Court withdrew its earlier decision. In re Cushing, 383 B. R. 16 (Bkrptcy. D. Mass. 2008). The Court concluded that since the Chapter 13 trustee had neither concluded the creditors meeting nor continued the meeting to a specific date but had held the creditors meeting open during which the tax return had been filed, the motion to dismiss was denied. In re Cushing, 383 B. R. at 18.

The United States appealed the denial of the motion to dismiss and on February 26, 2009, the decision of the Massachusetts Bankruptcy Court was reversed. United States v. Cushing, 401 B. R. 528 (1st Cir. BAD 2009). The question on appeal was whether the lower court correctly concluded that the Chapter 13 trustee had held the creditors meeting open in conformity with Section 1308(b). The Bankruptcy Appellate Panel concluded that the Chapter 13 trustee had failed to exercise the discretion conferred by Section 1308(b) and to take an affirmative step with a clear statement to

6

hold the creditors meeting open for a finite period of time in order for the debtor's tax return to be filed.  United States v. Cushing, 401 B. R. at 535-36.  The Bankruptcy Appellate Panel concluded that, "[irrespective of the date when the returns were due to be filed, § 1308(a) states that the same must be filed on or before the date of the § 341 meeting.  United States v. Cushing, 401 b. R. at 537.

Mr. and Mrs. Broussard filed their Chapter 13 petition on January 6, 2009.  A meeting of their creditors was conducted on February 18, 2009, and was concluded without being held open by the Chapter 13 trustee for the purpose of the filing by Mr. and Mrs. Broussard of their federal income tax returns for the taxable year ending December 31, 2008.  This was a taxable year within the four year period ending on the date of the filing of their petition.

The clear language of Section 6072(a) of the Internal Revenue Code, for taxpayers in general, continuously requires the filing of a return for the taxable year ending December 31, 2008, "on or before", and not "until", April 15, 2009.  Having sought the protection of Chapter 13 of the Bankruptcy Code, Mr. and Mrs. Broussard were specifically obliged to file their federal tax return for the taxable year ending December 31, 2008, prior to February 18, 2009.  To reiterate, in terms of statutory construction, the specific provisions of Section 1308(a), which govern the filing of returns under Chapter 13 the Bankruptcy Code, should control over the more general application of Section 6072(a) of the Internal Revenue Code.  See Edmond v. U. S., 520 U. S. 651, 657, 117 S. Ct. 1573, 1578, 137 L. Ed.2d 917 (1997)("Ordinarily, where

7

a specific provision conflicts with a general one, the specific governs. (Citation omitted)."); Gozlon-Peretz v. U. S., 498 U. S. 395, 407, 111 S. Ct. 840, 848, 112 L. Ed.2d 919 (1991)("A specific provision controls over one of more general application. (Citation omitted)."); Landmark Land Co. v. Office of Thrift Supervision, 948 F.2d 910, 912 (5th Cir. 1991).

     For those who seek relief under Chapter 13 of the Bankruptcy Code, the Congress has supplanted the general period of Section 6072(a) for filing of a tax return with the specific period imposed by Section 1308(a) and subject to the expressed conditions of Section 1308(b) for a permissible extension of the Section 1308(a) period in which a return must be filed. This case be should be dismissed or converted to a case under Chapter 7 of the Bankruptcy Code.

                                 Respectfully submitted

                                   DONALD W. WASHINGTON
                                 United States Attorney


                     BY: /S/ THOMAS B. THOMPSON
                         THOMAS B. THOMPSON (#12764)
                         Assistant United States Attorney
                         Western District of Louisiana
                         United States Courthouse
                         800 Lafayette Street, Suite 2200
                         Lafayette, LA 70501
                         Telephone: (337) 262-6618

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 4, 2009, a copy of the foregoing REPLY TO DEBTORS' POST-HEARING MEMORANDUM IN SUPPORT OF OBJECTION TO DISMISSAL OR CONVERSION was filed electronically with the Office of the Clerk of Court, United States Bankruptcy Court for the Western District of Louisiana, using the CM/ECF system. Notice of this filing will be sent to the following by operation of the court's electronic filing system:

Chane P. Menard
Attorney at Law
Post Office Box 3701
Lafayette, LA 70502-3701
(337) 504-3303
menardlawfirmbkr@bellsouth.net

Keith A. Rodriguez
Chapter 13 Trustee
Post Office Box 3445
Lafayette, LA 70502
(337) 233-4413
ecf@keithrodriguez.com

United States Trustee
Office of the U. S. Trustee
300 Fannin St., Suite 3196
Shreveport, LA 71101
(318)676-3456
USTPRegion05.SH.ECF@usdoj.gov

I further certify that I have mailed by United States Postal Service a copy of this filing to the following non-CM/ECF participants:

/S/ Thomas B. Thompson
THOMAS B. THOMPSON (# 12764)
Assistant United States Attorney
Western District of Louisiana

9