**SO ORDERED.**

**SIGNED May 29, 2009.**



_____
ROBERT SUMMERHAYS
UNITED STATES BANKRUPTCY JUDGE

_____

```
              UNITED STATES BANKRUPTCY COURT
               WESTERN DISTRICT OF LOUISIANA

IN RE:

CLARENCE BROUSSARD
SHANNON BROUSSARD                           CASE NO. 09-50009

     Debtors                                Chapter 13
```

---
### MEMORANDUM RULING
---

The present matter comes before the court as a Motion to Dismiss or Convert filed by the United States on behalf of the Internal Revenue Service. The United States contends that Debtors failed to file a federal tax return for the tax year ending December 31, 2008, as required by 11 U.S.C. §1308(a), and that Debtors' Chapter 13 case must therefore be dismissed or converted to a case under Chapter 7 pursuant to 11 U.S.C. §1307(e). The court took this matter under advisement following oral argument. After considering the parties' arguments, the record, and the relevant authorities, the court rules as follows.

**BACKGROUND**

Clarence and Shannon Broussard ("Debtors") filed a petition for relief under Chapter 13 of the Bankruptcy Code on January 6, 2009. Debtors' meeting of creditors pursuant to 11 U.S.C. § 341 (the "341 meeting") was held on February 18, 2009. It is undisputed that Debtors did not file a federal tax return for 2008 prior to the 341 meeting, nor was the meeting held open under 11 U.S.C. §1308(b). The United States subsequently filed the present Motion to Dismiss or Convert pursuant to section 1307(e).

**DISCUSSION**

Prior to 2005, the Code did not explicitly impose requirements for the filing of federal and state tax returns by debtors seeking relief under Chapter 13. The 2005 amendments to the Code changed the requirements for Chapter 13 debtors by adding section 1308, which explicitly addresses the filing of federal and state tax returns for tax years prior to the commencement of a Chapter 13 case. Section 1308(a) provides:

> Not later than the day before the date on which the meeting of the creditors is first scheduled to be held under section 341(a), if the debtor was required to file a tax return under applicable nonbankruptcy law, the debtor shall file with appropriate tax authorities all tax returns for all taxable periods ending during the 4-year period ending on the date of the filing of the petition.

The 2005 amendments also modified the requirements for plan

Page 2

confirmation in 11 U.S.C. §1325(a) to include compliance with section 1308(a). <u>See</u> 11 U.S.C. §1325(a)(9). Moreover, in the event that a Chapter 13 debtor fails to comply with section 1308(a), the newly enacted provisions in 11 U.S.C. §1307(e) provide for dismissal or conversion of the case to a case under Chapter 7. Section 1307(e) provides:

> Upon the failure of the debtor to file a tax return under section 1308, on request of a party in interest or the United States trustee and after notice and a hearing, **<u>the court shall dismiss a case or convert</u>** a case under this chapter to a case under chapter 7 of this title, whichever is in the best interest of the creditors and the estate.

(emphasis added). The majority of cases construing section 1307(e) have held that dismissal or conversion is mandatory if the debtor has not complied with section 1308 because of the use of the term "shall" in the text of section 1307(e). <u>See</u>, <u>e.g.</u>, <u>In re Kuhar</u>, 391 B. R. 733, 739(Bkrtcy. E.D. Pa. 2008); <u>In re McCluney</u>, 2007 WL 2219112 at *3 (Bkrtcy. D. Kan. Jun 22, 2007). Section 1308(b), however, provides grounds for a debtor to request that the section 341 meeting remain open for a reasonable period of time so that the debtor can comply with section 1308(a). If a debtor complies with section 1308(a) by filing the required returns while the section 341 meeting remains open under section 1308(b), the debtor's case is not subject to dismissal or conversion under section 1307(e).

The present case presents a unique issue with respect to the

Page 3

09-50009 - #42  File 05/29/09  Enter 05/29/09 11:57:21  Main Document  Pg 3 of 10

application of section 1308 in cases filed early in a given calendar year. Take for example a debtor who files a case the first week of January 2009 and is scheduled for a 341 meeting in February. Assuming that the debtor would be required under the Internal Revenue Code to file a return for 2008, the return for 2008 would fall within the four-year period of section 1308(a) – it is a taxable period "ending during the 4-year period ending on the date of the filing of the petition." 11 U.S.C. §1308(a). Must the debtor file the return for 2008 prior to the 341 meeting as required by section 1308(a) even though the return is not yet due under the Internal Revenue Code? In other words, does the deadline set forth in section 1308(a) "accelerate" the time for filing a tax return for debtors who file early in the calendar year and are scheduled for a 341 meeting prior to April 15th?

In the present case, it is undisputed that Debtors were required to file a federal tax return for the year ending December 31, 2008 under the Internal Revenue Code, and that this 2008 return would fall within the four-year period covered by section 1308(a). However, Debtors point to 26 U.S.C. §6072(a) – which provides that "returns made on the basis of the calendar year shall be filed on or before the 15th day of April following the close of the calendar year...." – and argue that sections 1308(a) and 1307(e) are inapplicable to their 2008 return because they were not "required

to file a tax return under applicable nonbankruptcy law" for 2008 as of the commencement of this case or the date of the 341 meeting. Debtors also argue that reading section 1308(a) to accelerate the due date for tax returns would impose an unreasonable burden on debtors who file early in the calendar year and have not yet received W-2 forms or other information needed to file a tax return in advance of their 341 meeting. The United States counters that section 1308(a) imposes specific timing requirements for the filing of federal returns in the case of a Chapter 13 debtor, and that these specific requirements trump the more general April 15th deadline applicable to calendar-year filers under 26 U.S.C. §6072(a).

Since the question presented to the court is a question of statutory interpretation, the starting point must be the language of the statute. If the language of the relevant statute is clear and unambiguous, the function of the courts is to enforce the statue according to its terms. See, e.g., Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A., 530 U.S. 1, 6 (2000) (quoting Connecticut Nat. Bank v. Germain, 503 U.S. 249, 254(1992)). The limited number of written opinions addressing the application of section 1308(a) to Chapter 13 cases filed early in the year hold that the federal return for the prior calendar year must be filed no later than the day before the 341 meeting even if

the return is not yet due under the Internal Revenue Code. See *In re French*, 354 B.R. 258 (Bkrtcy. E.D. Wisc. 2006); *In re Cluney*, No. 06-21175, 2007 WL 2219112 (Bkrtcy. D. Kan. June 22, 2007); *In re Cushing*, 401 B.R. 528 (1st Cir. BAP 2009). In *French*, as in the present case, the debtor filed for relief under Chapter 13 and the 341 meeting was completed prior to April 15th. As in the present case, the debtor argued that section 1308(a) was inapplicable because she was not yet required to file her return for the prior calendar year under the Internal Revenue Code. In rejecting the debtor's argument, the *French* court reasoned that the debtor was essentially reading an additional requirement into section 1308(a) that, for the provision to apply, a return was not only "required" under the Internal Revenue Code but that return was due under the Internal Revenue Code prior to the 341 meeting. The court observed that section 1308(a) contains no such language: "Section 1308 does not speak of debtor's who aren't required to file *yet*, only of debtors who are required to file at all." *French*, 354 B.R. at 263. Even more importantly, the court noted that the debtor's interpretation of section 1308(a) would render sections 1308(b)(1)(A) and (B) meaningless. Section 1308(b) provides that:

> **(1)** Subject to paragraph (2), if the tax returns required by subsection (a) have not been filed by the date on which the meeting of creditors is first scheduled to be held under section 341(a), the trustee may hold open that meeting for a reasonable period of time to allow the

Page 6

>     debtor an additional period of time to file any unfiled returns, but such additional period of time shall not extend beyond--
>
>     **(A) <u>for any return that is past due</u>** as of the date of the filing of the petition, the date that is 120 days after the date of that meeting; or
>
>     **(B) <u>for any return that is not past due</u>** as of the date of the filing of the petition, the later of--
>
>     **(I)** the date that is 120 days after the date of that meeting; or
>
>     **(ii) <u>the date on which the return is due under the last automatic extension of time for filing that return to which the debtor is entitled, and for which request is timely made, in accordance with applicable nonbankruptcy law</u>**.
>
>     **(2)** After notice and a hearing, and order entered before the tolling of any applicable filing period determined under this subsection, if the debtor demonstrates by a preponderance of the evidence that the failure to file a return as required under this subsection is attributable to circumstances beyond the control of the debtor, the court may extend the filing period established by the trustee under this subsection for-
>
>     **(A)** a period of not more than 30 days for returns described in paragraph (1); and
>
>     **(B)** a period not to extend after the applicable extended due date for a return described in paragraph (2).

(emphasis added). Under section 1308(b)(1)(B), if a return is not past due as of the date of filing, the 341 meeting can be held open until the deadline for filing the return under applicable non-bankruptcy law – such as the April 15th deadline imposed by the

Page 7

Internal Revenue Code. This provision ameliorates the potential prejudice of requiring a debtor to file a tax return for the prior year when the debtor does not yet have the documents necessary to file a return in advance of the 341 meeting. According to the French court:

> To interpret the phrase "if the debtor was required to file a tax return under applicable bankruptcy law" in the way the debtor requests would be to render subsection 1308(b)(1)(B) meaningless. If "required to file a tax return under applicable bankruptcy law" means "if required by the date first set for the § 341 meeting to file a tax return under applicable nonbankruptcy law," then there is no reason to give a debtor who hasn't filed a non-delinquent return additional time to do so.

Id. at 264. Finally, the French court looked to the legislative history of section 1308, which indicates that one of the concerns of Congress in enacting section 1308 was to "help states identify potential claims in bankruptcy cases where they may be owed delinquent taxes." Id. at 261 (citing H.R. Rep. No. 108-40, pt. 1 (2003)). The French court reasoned that this explanation in the legislative history is consistent with requiring the filing of returns (regardless of any deadlines imposed under non-bankruptcy law) by the time of the 341 meeting. The other courts to address this issue have generally agreed with the French court's reading of sections 1308(a) and (b). See, e.g., Cushing, 401 B.R. at 537-38; Cluney, No. 06-21175, 2007 WL 2219112.

The court agrees with the rationale of the French, Cushing,

Page 8

and Cluney decisions based on the clear, unambiguous language of sections 1308(a) and (b). Section 1308(a) imposes a specific deadline for filing returns covered by that provision's four-year period, and includes no language excluding returns that are not yet due under the Internal Revenue Code. Moreover, by providing specific time-frames for holding a 341 meeting open depending on whether a return is "past due" as of the date the case is filed, section 1308(b) supports the United States' argument that section 1308(a) governs the filing of returns regardless of whether the returns are due under non-bankruptcy law as of the date of the 341 meeting. Otherwise, there would be no need to provide a separate provision for returns that are not past due. In sum, federal and state tax returns that fall within the four-year period of section 1308(a) must be filed no "later than the day before the date on which the meeting of the creditors is first scheduled to be held under section 341(a)" regardless of whether the returns are due to be filed under applicable non-bankruptcy law. If these returns are not filed and the debtor has not requested that the meeting be held open under section 1308(b), the case is subject to dismissal or conversion under section 1307(e).

Turning to the present case, it is undisputed that (1) Debtors were required to file a return for 2008, (2) they did not file a return prior to their 341 meeting, and (3) they did not request that the Trustee hold their 341 meeting open under section 1308(b).

Page 9

Accordingly, in light of the clear language of sections 1308(a) and 1307(e), Debtors' case is subject to dismissal or conversion, whichever is in the best interest of creditors. The arguments at the hearing on this matter focused on the application of section 1308 as a matter of law. What has not yet been fully addressed is whether creditors would be better served by dismissal or conversion. Accordingly, the court hereby re-sets the United States' motion for June 10, 2009, at 8:30 a.m. to address whether Debtors' case should be dismissed or converted to a case under Chapter 7 pursuant to section 1307(e).

**IT IS SO ORDERED.**

###